East Riv. Hous. Corp. v Hillman Hous. Corp. (2023 NY Slip Op 50764(U))

[*1]

East Riv. Hous. Corp. v Hillman Hous. Corp.

2023 NY Slip Op 50764(U)

Decided on July 26, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 26, 2023
Supreme Court, New York County

East River Housing Corporation, Plaintiff,

against
Hillman Housing Corporation, Defendant.

Index No. 653984/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 were read on this motion for DISCOVERY.
In motion sequence number 001, plaintiff East River Housing Corporation ("ERHC") moves for an order, pursuant to CPLR 3124 to compel defendant Hillman Housing Corporation ("HHC") to produce four categories of documents that were originally requested in ERHC's first notice of discovery and inspection, dated November 23, 2021.
First, according to ERHC, HHC failed to produce documents as they were kept in the ordinary course of business, and instead produced them out of sequence in an apparently shuffled manner. Second, HHC's supplemental production allegedly contains 19 pages of HHC board of directors' minutes or internal emails that have been redacted in whole or in part, making them allegedly unintelligible and useless. Third, although ERHC has requested board of directors' minutes and resolutions from 2019-2021, HHC allegedly only produced board minutes from May 2020 — September 2020. Fourth, HHC allegedly failed to produce attachments to or links embedded within the documents themselves. Many of these attachments and links, according to plaintiff, may contain admissions or evidence of HHC's acts, omissions and motives, and go to critical issues in this case.
Broadly speaking, this action involves two sister cooperative housing corporations, ERHC and HHC, that had a sixty-year familial relationship and were part of a historical unincorporated association with two other cooperative housing corporations. Then, in September of 2020, HHC formally severed its relationship with ERHC, left Co-Op Village, and hired its own general manager. After that point, HHC began charging ERHC $14,000 per month for ERHC's use of HHC's basement management office space, at a rate which ERHC considers "grossly excessive." For its part, ERHC began charging HHC its share of the boiler plant's administrative fees and real estate taxes — fees that HHC previously did not have to pay.
According to plaintiff, HHC did not pay these boiler plant charges, all the while continuing to take steam and hot water from ERHC's boiler plant. Plaintiff maintains that ERHC was not given a choice with respect to the payment of HHC's office space invoices, because HHC unilaterally deducted the $14,000 payment each month from ERHC's boiler plant invoices, [*2]over ERHC's objections. By the time this motion was fully briefed, according to ERHC, HHC owed to ERHC more than a million dollars in unpaid boiler plant charges. ERHC filed its complaint in this action on September 2, 2021 seeking to recover to recover damages. HHC filed an answer and counterclaims against ERHC on October 1, 2021. Shortly thereafter, the parties reached an impasse with discovery. According to plaintiff, HHC refuses to produce crucial documents. The court will now consider each of the four requests made by ERHC.
First, according to plaintiff, HHC did not produce documents as they were kept in the ordinary course of business, in violation of CPLR 3122(c). For example, ERHC's boiler plant invoices have a summary cover sheet listing the categories and amounts of the charges, attached to which are voluminous back-up invoices, checks, bills, and other documentation substantiating the charges. HHC's production, however, according to ERHC, intermixes the invoices and their backup with other invoices so that it is impossible for ERHC to determine which back up document aligns with which invoice.
From 1950 up to September 2020, ERHC served as the managing agent for HHC. As the managing agent, ERHC kept and maintained all of HHC's business records. In September 2020, HHC severed its relationship with ERHC and retained the services of AKAM to act as HHC's managing agent. When the transition from ERHC to AKAM was done, ERHC allegedly left decades worth of boxes filled with documents. HHC asserts that it produced documents in the manner by which ERHC kept and maintained those documents for decades.
Pursuant to CPLR 3122(c), "[w]henever a person is required pursuant to such notice or order to produce documents for inspection, that person shall produce them as they are kept in the regular course of business or shall organize and label them to correspond to the categories in the request.
Here, it is undisputed that ERHC was the original party responsible for document retention and maintenance for HHC. Only recently was possession of HHC's internal documents returned to AKAM, HHC's custodian. Pursuant to CPLR 3122 (c), HHC was under no obligation to reorganize the documents or produce them in a manner "acceptable" for ERHC, especially where, as here, the documents were disclosed to ERHC in a manner previously maintained by that entity.
Second, plaintiff takes issue with HHC's supplemental production which contain 19 documents [FN1]
that were redacted in whole or in part. HHC has proffered no reason for its wholesale redaction of these documents. The court is therefore directing HHC to produce a categorical privilege log — to the extent it has not done so already — identifying the privilege and setting forth the grounds for its withholding of information.
Third, plaintiff contends that HHC is wrongfully withholding board minutes and resolutions for the period of 2019 through 2021. According to plaintiff, HHC only produced board minutes from May 2020 — September 2020. Specifically, it is alleged that HHC's most recent supplemental production does not contain responsive board minutes and related documents for board meetings held in June 2019, August 2019, September 2019, October 2019, December 2019, March 2020, May 2020, June 2020 with revisions, and September 2020. HHC has not argued to the contrary. Therefore, HHC is directed to produce the requested board minutes and resolutions in full compliance with plaintiff's demands.
Finally, plaintiff maintains that HHC failed to produce attachments to, or links embedded within various documents, which could be relevant to plaintiff's claims. Since the filing of this motion, HHC has produced requested attachments (see NYSCEF Doc. No. 52). This request is, therefore, moot.
Accordingly, it is hereby
ORDERED that plaintiff's motion to compel (motion sequence number 001) is granted to the extent that within thirty days of entry of this order, HHC shall produce a categorical privilege log identifying the privilege and setting forth the grounds for its withholding of information in all documents filed under NYSCEF doc. no. 42 and shall produce all board minutes and resolutions for the period of 2019 through 2021, to the extent not already done. All remaining grounds of plaintiff's motion to compel are denied.
DATE 07/26/2023
ROBERT R. REED, J.S.C.
Footnotes

Footnote 1:See Exhibit J